UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SYLVESTER HUGULEY,

          Petitioner,

v.                                    Case No. 2:13-cv-356
                                    HON. GORDON J. QUIST

JEFFREY WOODS,

          Respondent.

_____/

### REPORT AND RECOMMENDATION

Petitioner Sylvester Huguley filed this petition for writ of habeas corpus, challenging his jury conviction for first-degree criminal sexual conduct, MCL § 750.520b(1)(a). Petitioner was sentenced to 25 to 40 years imprisonment. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. After his conviction, Petitioner appealed to the Michigan Court of Appeals raising a claim of ineffective assistance of counsel. Petitioner's conviction was affirmed on April 12, 2011. (ECF No. 1-1). The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. PageID.547.

Petitioner then filed a motion for relief from judgment in the trial court asserting the following:

I. Petitioner is entitled to reversal of his conviction under the excited utterance exception to the hearsay rule.

II. Petitioner's conviction violated his Fourteenth Amendment rights.

III. Ineffective assistance of counsel.

IV. Petitioner is entitled to a reversal of his conviction.

V. Petitioner is entitled to a reversal of his conviction due to cumulative error.

The trial court denied the motion on June 14, 2012 (PageID.593). Petitioner appealed that denial to the Michigan Court of Appeals in a delayed application for leave to appeal. On April 11, 2013, the Michigan Court of Appeals denied the delayed application because it was not timely filed in accordance with MCR 7.205(F)(3). (PageID.588.) The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 30, 2013, "because we are not persuaded that the question presented should be reviewed by this Court." PageID.617.

Petitioner alleges that:

I. Petitioner is entitled to reversal of his conviction under the excited utterance exception to the hearsay rule.

II. Petitioner's Fourteenth Amendment rights have been violated; Petitioner was deprived of a fair trial and convicted without sufficient evidence.

III. Ineffective assistance of counsel where counsel failed to conduct pretrial investigation, research and adequately prepare in general.

IV. Petitioner is entitled to reversal of his conviction due to cumulative errors.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination

of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Respondent argues that Petitioner procedurally defaulted each of his claims in the state courts. When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop

consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

When a petitioner has procedurally defaulted in the state courts, the federal habeas court will only entertain the defaulted issue if the petitioner can show "cause" for the procedural default and "actual prejudice" as result of the alleged federal violation or can show actual innocence. *Coleman*, 501 U.S. at 750 (1991); *Murray*, 477 U.S. at 485; *Lucas v. O'Dea*, 169 F.3d 1028, 1033 (6th Cir. 1999); *Rust*, 17 F.3d at 160-61. To show cause sufficient to excuse a failure to raise claims on direct appeal, petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his first appeal. *Murray*, 477 U.S. at 488; *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle*, 456 U.S. at 134 n.43; *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985).

Prejudice requires the petitioner to show that the alleged error "worked to his *actual* and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)), *cert. denied*, 516 U.S. 992 (1995). "'[T]he prejudice component of the cause and prejudice test is not satisfied if there is strong evidence of petitioner's guilt and a lack of evidence to support his claim.'" *Perkins*, 58 F.3d at 219 (quoting *Rust*, 17 F.3d at 161-62). In the opinion of the undersigned, Petitioner procedurally defaulted his claims by failing to present them in a timely application for leave to appeal to the Michigan Court

- 5 -

of Appeals. Petitioner's failure to comply with state procedural rules resulted in the dismissal of his application in the Michigan Court of Appeals. Petitioner may overcome his procedural default by showing cause and prejudice for his default or by showing that he is actually innocent.

Petitioner did not properly present his excited utterance claim to the Michigan Court of Appeals. Petitioner claims that he is entitled to reversal of his conviction under the excited utterance exception to the hearsay rule. Petitioner's excited utterance exception to the hearsay rule claim is not cognizable on federal habeas review, as it is a state evidentiary issue. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010). Habeas review is not intended to determine if a trial court's ruling was correct, but rather whether a federal constitutional violation occurred. *Byrd v. Collins*, 209 F. 3d 486, 528 (6th Cir. 2000). Moreover, Petitioner's excited utterance claim lacks merit. While Petitioner alleges that the trial testimony contained internal contradictions, and this violates the excited utterance exception, a statement relating to a startling event or condition that is made while under the stress of excitement caused by the event or condition is not excluded by the hearsay rule as admissible testimony, pursuant to MRE 803(2). Therefore, the victim's testimony, contrary to Petitioner's claim, does not implicate the hearsay rule. Additionally, under state law a court "will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v. Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). For these reasons, Petitioner's excited utterance claim is procedurally defaulted and Petitioner has failed to show any prejudice for his default.

Petitioner also claims that his Fourteenth Amendment rights were violated and that he was deprived of a fair trial and convicted without sufficient evidence. Petitioner procedurally defaulted this issue by failing to properly present it in a timely application for leave to appeal in the

- 6 -

Michigan Court of Appeals. In the opinion of the undersigned, Petitioner has failed to show cause and prejudice for his default.

A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." This standard of review recognizes the trier of fact's responsibility to resolve reasonable conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Issues of credibility may not be reviewed by the habeas court under this standard. *See Herrera v. Collins*, 506 U.S. 390, 401-02 (1993). Rather, the habeas court is required to examine the evidence supporting the conviction, in the light most favorable to the prosecution, with specific reference to the elements of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (6th Cir. 1988).

The *Jackson v. Virginia* standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. Moreover, because both the *Jackson* standard and AEDPA apply to Petitioner's claims, "'the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan [trial court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA.'" *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc) (quoting *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008)). This standard erects "a nearly insurmountable hurdle" for petitioners who seek habeas relief on sufficiency-of-the-evidence grounds. *Id.* at 534 (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

- 7 -

Petitioner claims that the victim's testimony was insufficient due to a lack of physical evidence. However, corroboration of a victim's testimony is not required pursuant to MCL 750.520h, and the jury is free to believe or disbelieve the testimony, as well as to assess the credibility of the witness. In this case, the jury found the victim's testimony to be credible; therefore, sufficient evidence was presented to sustain Petitioner's conviction.

Petitioner was convicted on the basis of sufficient evidence and fails to show that his constitutional rights to a fair trail were violated. In the opinion of the undersigned, Petitioner has failed to present facts to overcome his procedural default of this claim.

Petitioner next claims that his constitutional right to effective assistance of counsel was violated. To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984). Stated another way, this court is to decide whether petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222,

- 8 -

229 (6th Cir. 1992) *(en banc), cert. denied*, 113 S. Ct. 2969 (1993).
Thus, the determinative issue is not whether petitioner's counsel was
ineffective but whether he was so thoroughly ineffective that defeat
was "snatched from the jaws of victory."  *See id.*

*West v. Seabold*, 73 F.3d 81,84 (6th Cir. 1996).

The Michigan Court of Appeals rejected Petitioner's claim of ineffective counsel

explaining:

Defendant argues only that defense counsel rendered ineffective
assistance by failing to object to evidence showing that defendant had
hit, yelled at, and punished the children; that he threw toys at I.A.;
that he had looked at I.A. while the child was in the shower; that he
had lifted the four-year-old child by the leg and dropped her on her
head; that he had threatened to kill the family if I.A. talked; and that
he generally was not nice to the children. Defendant asserts that this
evidence was not offered for any proper purpose and that it tended to
show that, because he was capable of committing these other acts, he
was capable of committing the charged act. Moreover, he argues that
the evidence was not relevant and that, in any event, it was
substantially more prejudicial than probative.

Defendant did not move for a new trial or an evidentiary hearing
based on ineffective assistance of counsel. The issue is therefore
preserved only to the extent that mistakes are apparent from the
record. *People v. Sabin (On Second Remand)*, 242 Mich App 656,
658-659; 620 NW2d 19 (2000).

"Generally, to establish ineffective assistance of counsel, a defendant
must show that (1) counsel's performance fell below an objective
standard of reasonableness under professional norms and (2) there is
a reasonable probability that, but for counsel's errors, the result
would have been different and the result that did occur was
fundamentally unfair or unreliable." *People v Seals*, 285 Mich App
1, 16; 776 NW2d 314 (2009), citing *People v Odom*, 276 Mich App
407, 415; 740 NW2d 557 (2007). "Effective assistance of counsel is
presumed and defendant bears the burden of proving otherwise."
*People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008).
"Defense counsel is given wide discretion in matters of trial strategy
because many calculated risks may be necessary in order to win
difficult cases." *People v Unger*, 178 Mich App 210, 242; 749 NW2d
272 (2008). "Declining to raise objections can often be consistent

with sound trial strategy." *Id.* at 253. "A failed strategy does not constitute deficient performance." *Petri*, 279 Mich App at 412.

Counsel indicated in his opening statement that the allegations against defendant arose after defendant and Jackson went through a "bad break-up" that left Jackson angry with defendant. The implication was that the stories had been fabricated at Jackson's behest. That the children disliked defendant because of his alleged maltreatment of them would be an additional reason that the children would fabricate the allegations of sexual abuse. The method by which counsel chose to establish this fact was a matter of trial strategy. We will not substitute our judgment for that of counsel regarding matters of trial strategy, nor will we assess counsel's competence with the benefit of hindsight. *People v Payne*, 185 Mich App 181, 190; 774 NW2d 714 (2009). The fact that counsel's defense strategy did not work does not compel the conclusion that counsel was ineffective.

PageID.467-468.

Petitioner has failed to show that the Michigan Court of Appeal's decision was unreasonable.  In the opinion of the undersigned, the decisions of the Michigan courts did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Moreover, to the extent that Petitioner raised new ineffective assistance of counsel claims in his motion for relief from judgment, Petitioner has failed to overcome his procedural default of those claims.

Lastly, Petitioner claims that he is entitled to reversal of his conviction due to cumulative errors. Under the AEDPA, a court only may grant habeas relief based on a misapplication of Supreme Court law.  *Bailey*, 271 F.3d at 655.  The Sixth Circuit repeatedly has stated that cumulative error claims are not cognizable on habeas review.  "The Supreme Court has not held that constitutional claims that would not individually support habeas relief may be

- 10 -

cumulated in order to support relief." *Scott v. Elo*, 302 F.3d 598, 607 (6th Cir. 2002); *see also Keith v. Mitchell*, 455 F.3d 662, 679 (6th Cir. 2006); *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006); *Baze v. Parker*, 371 F.3d 310, 330 (6th Cir. 2004); *Millender v. Adams,* 376 F.3d 520, 529 (6th Cir. 2004); *Lorraine v. Coyle,* 291 F.3d 416, 447 (6th Cir. 2002).  Finally, when the court concluded that the individual claims are without merit, Petitioner cannot show that the cumulative error violated his constitutional rights.  *See Seymour*, 224 F.3d at 557.  In the opinion of the undersigned, Petitioner's cumulative errors claim fails.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on procedural grounds of Petitioner's failure to exhaust his claims in state court.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may

issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed on the procedural grounds of exhaustion . "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* The court also finds that reasonable jurists could not find it debatable that the Petitioner failed to present a valid claim of a denial of a constitutional right. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ TIMOTHY P. GREELEY
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: June 22, 2016